IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**AMY M. HELMS,**

    **Plaintiff,**

    v.

**GABE WITHINGTON, et al.,**

    **Defendants.**

Case No. 2:16-CV-02388-JAR-TJJ

## MEMORANDUM AND ORDER

On June 6, 2016, *pro se* Plaintiff Amy Helms filed suit against Gabe Withington, John Jeffrey, Jessica Penn, Jeffrey Cope, Ronald Magana, the Sheriff's Department of Lyon County, and the Emporia Police Department. Plaintiff alleges use of excessive force in violation of her civil rights. On August 29, 2016, Defendant Emporia Police Department filed its Motion to Dismiss (Doc. 22). Plaintiff has not responded to the motion, despite the Court affording her an opportunity to do so. The motion can therefore be granted for failure to file a response. The motion can also be granted on the merits, as described more fully below.

**I.**     **Failure to Respond**

Plaintiff failed to file a response to the motion to dismiss and the time to do so has expired.[1] Under D. Kan. Rule 7.4,

> Absent a showing of excusable neglect, a party or attorney who
> fails to file a responsive brief or memorandum within the time
> specified in D. Kan. Rule 6.1(d) waives the right to later file such
> brief or memorandum. If a responsive brief or memorandum is not
> filed within the Rule 6.1(d) time requirements, the court will
> consider and decide the motion as an uncontested motion.
> Ordinarily, the court will grant the motion without further notice.

---

[1] *See* D. Kan. R. 6.1(d)(2) (requiring a response to a dispositive motion to be filed within twenty-one days).

1

A *pro se* litigant is not excused from complying with the rules of the court, and is subject to the consequences of noncompliance.[2]

Plaintiff was told her deadline to respond to Defendant's motion to dismiss had passed and she was apprised of her duty to respond during a scheduling conference held before Magistrate Judge Teresa J. James on October 5, 2016.[3]  Plaintiff indicated that she intended to oppose the motion.[4]  However, she has neither filed a response nor a motion for leave to file her response out of time as Judge James directed.  As a result of Plaintiff's failure to respond, the Court may grant Defendant's motion to dismiss as uncontested.

## II.     Motion to Dismiss

The Court also finds that Defendant must be dismissed on the merits.  Plaintiff's claim must be dismissed as to the Emporia Police Department because it is not an agency amenable to suit.  Under Federal Rule of Civil Procedure 17(b), the capacity of a party to be sued in federal court is to be determined by the law of the state where the court is located.[5]  "Kansas courts have consistently held that subordinate government agencies do not have the capacity to sue or be sued in the absence of statutory authorization."[6]  While the statutory authority need not explicitly authorize the capacity to sue or be sued, the statute should grant some power to the agency so that it has an implied capacity.[7]  "For example, conferring power on a subordinate government

---

[2] *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994) (insisting that *pro se* litigants follow procedural rules); *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (citing various cases dismissing *pro se* cases for failure to comply with the rules).

[3] *See* Doc. 31.

[4] *Id.*

[5] Fed. R. Civ. P. 17(b).

[6] *Lowery v. Cty. of Riley*, No. 04-3101-JTM, 2005 WL 1242376, *7 (D. Kan. May 25, 2005) (citing *Hopkins v. Kansas*, 702 P.2d 311 (Kan. 1985)).

[7] *Id.* (citing *Lindenman v. Umscheid*, 875 P.2d 964, 967 Syl. ¶ 10 (Kan. 1994); *Bd. of Library Dirs. v. City of Fort Scott*, 7 P.2d 533, 535 (Kan. 1932)).

agency to own or control property would have no meaning if the agency could not vindicate its rights in the property by suing in a court of law."[8]  Under Kansas case law, courts have found that city police departments do not have the capacity to sue or be sued.[9]

Here, the Emporia Police Department is not a separate entity from the City of Emporia. It is merely a subordinate agency of the city government.  There is no explicit statutory authority granting capacity to sue or be sued.  There is no statutory power that would imply capacity to sue or be sued.  The Emporia Police Department does not have the capacity to sue or be sued.  Thus, the Court must dismiss the claim against the Emporia Police Department.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion to Dismiss (Doc.22) is **granted**.

**IT IS SO ORDERED.**

Dated: October 19, 2016

                                           S/ Julie A. Robinson
                                           JULIE A. ROBINSON
                                           UNITED STATES DISTRICT JUDGE

---

[8] *Id.* (citing *Bd. of Library Dirs.*, 7 P.2d at 535).

[9] *Neighbors v. Lawrence Police Dep't*, No. 15-CV-4921, 2016 WL 368,5355, at *6 (D. Kan. July 12, 2016) (dismissing the Lawrence Police Department because it is well established in Kansas that "a municipal police department is only a subunit of city government and, therefore, is not a governmental entity subject to suit."); *Whayne v. Kansas*, 980 F. Supp. 387, 391 (D. Kan. 1997) (concluding Topeka Police Department was not governmental entity subject to suit where it was only a sub-unit of city government); *Hopkins v. State*, 702 P.2d 311, 316 (Kan. 1985) (holding the Kansas Highway Patrol did not have capacity to sue or be sued).