## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

AMY M. HELMS,

       Plaintiff,

       v.                                Case No. 16-CV-2388-JAR

GABE WITHINGTON, ET AL.,

       Defendants.

## MEMORANDUM AND ORDER

Plaintiff Amy Helms, proceeding *pro se* and *in forma pauperis*, brings this action against Gabe Withington, John Jeffrey, Jessica Penn, Jeffrey Cope, Ronald Magana, the Sheriff's Department of Lyon County, and the Emporia Police Department alleging use of excessive force and denial of medical treatment in violation of her constitutional rights under 42 U.S.C. § 1983. Plaintiff alleges that when she was arrested, she was handcuffed, slammed against stairs, and broke her back.  She alleges that Sheriff Jeffrey Cope refused her medical treatment despite multiple requests during her detention.  This Court dismissed the Emporia Police Department on October 19, 2016 (Doc. 32).  This matter is before the Court on Defendants Sheriff's Department of Lyon County and Sheriff Jeffrey Cope's (collectively "Lyon County Defendants") Motion for Summary Judgment (Doc. 26).  Plaintiff has not filed a response and the time to do so has expired.[1]  As explained more fully below, Defendants' motion is granted.

### I.    Failure to Respond

Under D. Kan. Rule 7.4, "a party . . . who fails to file a responsive brief or memorandum within the time specified in D. Kan. Rule 6.1(d) waives the right to later file such brief or

---

[1] *See* D. Kan. Rule 6.1(d)(2) (requiring a response to a motion for summary judgment to be filed and served within 21 days).  Plaintiff's response would have been due 21 days after September 30, 2016, when Defendants filed this motion.

memorandum."[2]  Furthermore, "[i]f a responsive brief or memorandum is not filed within the D. Kan. Rule 6.1(d) time requirements, the court will consider and decide the motion as an uncontested motion."[3]  This standard is modified in the context of a motion for summary judgment: "It is improper to grant a motion for summary judgment simply because it is unopposed."[4]  Under Fed. R. Civ. P. 56(e), the Court may deem a fact undisputed where the nonmoving party fails to address it.[5]  The rule also permits the Court to grant summary judgment "if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it."[6]

Plaintiff was apprised of the pending motion for summary judgment during a scheduling conference held before Magistrate Judge Teresa J. James on October 5, 2016.[7]  Plaintiff indicated that she intended to oppose the motion.[8]  However, she has neither filed a response nor a motion for leave to file her response out of time.  Further, Defendants filed and served on Plaintiff a Notice to Pro Se Litigant Who Opposes a Motion for Summary Judgment pursuant to D. Kan. Rule 56.1(f), which states that a failure to respond would lead to the Court's acceptance of Defendants' facts as true.[9]  As a result of Plaintiff's failure to respond, the Court may deem the facts, as supported by the record, as undisputed.

---

[2] D. Kan. Rule 7.4(b).

[3] *Id.*

[4] *Thomas v. Bruce*, 428 F. Supp. 2d 1161, 1163 (D. Kan. 2006) (quoting *EEOC v. Lady Balt. Foods, Inc.*, 643 F Supp. 406, 407 (D. Kan. 1986)).

[5] Fed. R. Civ. P. 56(e)(2).

[6] Fed. R. Civ. P. 56(e)(3).

[7] *See* Doc. 31.

[8] *Id.*

[9] Doc. 27.

## II.     Summary Judgment Standard

Summary judgment is appropriate if the moving party demonstrates that there is no genuine dispute as to any material fact and that it is entitled to judgment as a matter of law.[10]  In applying this standard, the court views the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party.[11]  "There is no genuine issue of material fact unless the evidence, construed in the light most favorable to the nonmoving party, is such that a reasonable jury could return a verdict for the nonmoving party."[12]  A fact is "material" if, under the applicable substantive law, it is "essential to the proper disposition of the claim."[13]  An issue of fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the non-moving party."[14]

The moving party initially must show the absence of a genuine issue of material fact and entitlement to judgment as a matter of law.[15]  In attempting to meet this standard, a movant that does not bear the ultimate burden of persuasion at trial need not negate the other party's claim; rather, the movant need simply point out to the court a lack of evidence for the other party on an essential element of that party's claim.[16]

---

[10] Fed. R. Civ. P. 56(a); *see also Grynberg v. Total*, 538 F.3d 1336, 1346 (10th Cir. 2008).

[11] *City of Harriman v. Bell*, 590 F.3d 1176, 1181 (10th Cir. 2010).

[12] *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004).

[13] *Wright ex rel. Trust Co. of Kan. v. Abbott Labs., Inc.*, 259 F.3d 1226, 1231–32 (10th Cir. 2001) (citing *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998)).

[14] *Thomas v. Metro. Life Ins. Co.*, 631 F.3d 1153, 1160 (10th Cir. 2011) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

[15] *Spaulding v. United Transp. Union*, 279 F.3d 901, 904 (10th Cir. 2002) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986)).

[16] *Adams v. Am. Guar. & Liab. Ins. Co.*, 233 F.3d 1242, 1246 (10th Cir. 2000) (citing *Adler*, 144 F.3d at 671); *see also Kannady v. City of Kiowa*, 590 F.3d 1161, 1169 (10th Cir. 2010).

Once the movant has met this initial burden, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial."[17]   The nonmoving party may not simply rest upon its pleadings to satisfy its burden.[18]   Rather, the nonmoving party must "set forth specific facts that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant."[19]   To accomplish this, the facts "must be identified by reference to an affidavit, a deposition transcript, or a specific exhibit incorporated therein."[20]

Where, as here, the plaintiff proceeds *pro se*, the court must construe the plaintiff's filing liberally and afford the plaintiff's filing some leniency.[21]   Additionally, "[c]ourts must take added precautions before ruling on a motion for summary judgment when a *pro se* litigant is involved . . . especially when enforcing these [technical] requirements might result in the loss of the opportunity to prosecute or defend a lawsuit on the merits."[22]   At the same time, it is not the proper function of a district court to assume the role of advocate for a *pro se* litigant, and *pro se* parties are expected to follow the Federal Rules of Civil Procedure, as all litigants must.[23]

---

[17] *Anderson*, 477 U.S. at 256; *Celotex*, 477 U.S. at 324; *Spaulding*, 279 F.3d at 904 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

[18] *Anderson*, 477 U.S. at 256; *accord Eck v. Parke, Davis & Co.*, 256 F.3d 1013, 1017 (10th Cir. 2001).

[19] *Mitchell v. City of Moore, Okla.*, 218 F.3d 1190, 1197–98 (10th Cir. 2000) (quoting *Adler*, 144 F.3d at 671); *see Kannady*, 590 F.3d at 1169.

[20] *Adams*, 233 F.3d at 1246.

[21] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (D. Kan. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)); *Azim v. Tortoise Capital Advisors, LLC*, No. 13-2267-DDC-JPO, 2016 WL 3405126, at *5 (D. Kan. June 21, 2016).

[22] *Wilson v. Skiles*, No. 02-3190-JAR, 2005 WL 466207, at *1 (D. Kan. Feb. 4, 2005) (citing *Hass v. U.S. Air Force*, 848 F. Supp. 926, 929 (D. Kan. 1994)).

[23] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *McDaniels v. McKinna*, 96 F. App'x 675, 578 (10th Cir. 2004).

Finally, summary judgment is not a "disfavored procedural shortcut;" on the contrary, it is an important procedure "designed to secure the just, speedy and inexpensive determination of every action."[24]

## II.   Uncontroverted Facts

The Lyon County Defendants have filed a *Martinez* Report.[25]  The *Martinez* Report is an administrative record, assembled by the prison, that documents the factual investigation of a prisoner's claim. [26]  Because Plaintiff has not responded, the factual findings in the *Martinez* Report are deemed uncontroverted.

Plaintiff Amy Helms is a former detainee in the Lyon County Detention Center. Defendant Jeffrey Cope is, and at all relevant times to Plaintiff's allegations was, the duly elected Sheriff of Lyon County, Kansas.

On June 6, 2014, Plaintiff was arrested by the Emporia Police Department on a charge of battery of a law enforcement officer.  Following her arrest, Plaintiff was transported to the Lyon County Detention Center where she arrived at approximately 3:44 a.m. on that same morning. After arriving at the Lyon County Detention Center, Plaintiff began acting out toward staff.  She was so uncooperative that she could not be immediately processed.  She was placed into a holding cell where she yelled obscenities, insulted and threatened staff, beat on her cell window, stood on her bunk, threw her breakfast food around her cell, and smeared a banana on her cell

---

[24] *Celotex*, 477 U.S. at 327 (quoting Fed. R. Civ. P. 1).

[25] Doc. 25.

[26] The Tenth Circuit endorsed the use of *Martinez* Reports in *Martinez v. Aaron*, 570 F.2d 317, 319 (10th Cir. 1978).  The Court considers the *Martinez* Report as part of the summary judgment record and treats the report like it would an affidavit.  If Plaintiff presents no evidence conflicting with the factual findings contained in the *Martinez* Report, the Court may treat those findings as uncontroverted facts. *Cf. Northington v. Jackson*, 973 F.2d 1518, 1521 (10th Cir. 1992) (explaining that a court cannot accept the factual findings of a *Martinez* Report if the prisoner presents conflicting evidence).

window.  Plaintiff's behavior became so problematic that she had to be temporarily confined to a restraint chair.

At around 3:30 p.m., Plaintiff was taken out of her holding cell to finish being processed and booked.  The Lyon County Detention Center has a booking procedure that requires the booking officer to conduct a medical screening of the detainee.  The medical screening procedure requires the booking officer to observe the detainee and ask the detainee a series of questions in an effort to ascertain his or her medical condition.  This includes filling out two forms—called the "Inmate Medical History" and "Inmate Medical Assessment" forms.

The Lyon County booking officer followed this policy when Plaintiff was booked into the Lyon County Detention Center.  According to the Inmate Medical Assessment form filled out when Plaintiff was booked, Plaintiff answered "no" to the following question: "Are you in need of special medical care?"  According to the Inmate Medical History form, Plaintiff answered "no" when asked about having suffered traumatic injury.  Additionally, according to the Inmate Medical Assessment form, the booking officer answered "no" to the following question: "Does the [inmate] complain of pain?"  On that same form, the booking officer answered "yes" to the following questions: "Are there visible signs of alcohol or drug influence?"; "Are there visible signs of withdrawal from alcohol or drugs?"; and "Is behavior suggestive of assault risk for staff or other inmates?"  After completing the booking process, Plaintiff was returned to the holding cell.  She was released from the Lyon County Detention Center on June 8, 2014 at approximately 3:44 a.m.

Defendant Sheriff Jeffrey Cope typically has limited interaction with Lyon County inmates and detainees.  Defendant Cope has no involvement in the processing or booking of detainees upon arrival at the Lyon County Detention Center.  During Plaintiff's detention in

Lyon County, Defendant Cope had no interaction with Plaintiff, including not seeing Plaintiff, not communicating with Plaintiff, and not receiving reports from officers relating to Plaintiff.

Defendant Cope is unaware of, and the Lyon County Detention Center has no record of, any request from Plaintiff, verbal or written, that she be taken to the hospital, receive medical treatment, or visit any in-house medical staff during her detention.  Defendant Cope is unaware of, and the Lyon County Detention Center has no record of, any complaint by Plaintiff that she was suffering from any back pain or injury while she was detained in the Lyon County Detention Center.  Nor did Defendant Cope have any knowledge or awareness that Plaintiff exhibited signs or symptoms that would have indicated that she was experiencing, or at risk of experiencing, any serious medical condition during her detention.

Defendant Cope did not learn of Plaintiff's detention or activities in the Lyon County Detention Center until the filing of this lawsuit.[27]

## III.   Discussion

## 1.   Lyon County Sheriff's Department

Defendants argue that Defendant Lyon County Sheriff's Department should be granted summary judgment because it is an entity not capable of suit.  Under Federal Rule of Civil Procedure 17(b), the capacity of a party to be sued in federal court is to be determined by the law of the state where the court is located.[28]  "Kansas courts have consistently held that subordinate government agencies do not have the capacity to sue or be sued in the absence of statutory

---

[27] The Court does not include ¶ 23 of Defendants' statement of facts because it is an improper legal conclusion denying liability.  Doc. 28 at 13 ("Sheriff Cope did not attempt, intend to, or in any way cause or contribute to any denial of medical treatment for Ms. Helms.").  This is not properly offered as a fact.

[28] Fed. R. Civ. P. 17(b).

authorization."[29]  While the statutory authority need not explicitly authorize the capacity to sue

or be sued, the statute should grant some power to the agency so that it has an implied capacity.[30]

"For example, conferring power on a subordinate government agency to own or control property

would have no meaning if the agency could not vindicate its rights in the property by suing in a

court of law."[31]  Under Kansas case law, courts have found that county sheriff's departments do

not have the capacity to sue or be sued.[32]  Accordingly, the Lyon County Sheriff's Department

lacks capacity to be sued.  Therefore, summary judgment is properly granted to dismiss all

claims against it.

## 2.      Sheriff Jeffrey Cope

Defendants argue that Defendant Cope should be granted summary judgment because he

is protected by qualified immunity.  "The doctrine of qualified immunity shields officials from

civil liability so long as their conduct does not violate clearly established . . . constitutional rights

of which a reasonable person would have known."[33]  "[A] motion [for summary judgment] based

on a claim of qualified immunity imposes the burden on the plaintiff to show both [1] that a

constitutional violation occurred and [2] that the constitutional right was clearly established at

the time of the alleged violation."[34]  The Court is "permitted to exercise [its] sound discretion in

---

[29] *Lowery v. Cty. of Riley*, No. 04-3101-JTM, 2005 WL 1242376, *7 (D. Kan. May 25, 2005) (citing *Hopkins v. Kansas*, 702 P.2d 311 (Kan. 1985)).  *See also Arbogast v. Kansas*, No. 13-4007, 2016 WL 4719277, at *2 (D. Kan. Sept. 9, 2016).

[30] *Id.* (citing *Lindenman v. Umscheid*, 875 P.2d 964, 967 Syl. ¶ 10 (Kan. 1994); *Bd. of Library Dirs. v. City of Fort Scott*, 7 P.2d 533, 535 (Kan. 1932)).

[31] *Id.* (citing *Bd. of Library Dirs.*, 7 P.2d at 535).

[32] *See, e.g., Mays v. Wyandotte Cty. Sheriff's Dept.*, No. 15-9304, 2016 WL 81228, at *1 (D. Kan. Jan. 7, 2016) ("The Wyandotte County Sheriff's Department has neither explicit statutory authority nor any statutory power that would imply capacity to sue or be sued"); *Mayfield v. Harvey Cty. Sheriff's Dept.*, No. 14-1307, 2015 WL 1399783, at *5 (D. Kan. Mar. 26, 2015) ("This court has applied the Kansas rule to Sheriff's Departments, in accord with K.S.A. §§ 75–6101 to 6120."); *Fugate v. Unified Gov't of Wyandotte Cty. /Kan. City, Kan.*, 161 F. Supp. 2d 1261, 1266 (D. Kan. 2001); *Wright v. Wyandotte Cty. Sheriff's Dep't*, 963 F. Supp. 1029, 1034 (D. Kan. 1997).

[33] *Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015) (per curiam) (internal quotations omitted).

[34] *Lynch v. Barrett*, 703 F.3d 1153, 1158 (10th Cir. 2013) (internal quotations omitted).

deciding whether to bypass the first question and proceed directly to the second."[35]  The Court exercises its discretion to only answer the question of whether there was a constitutional violation.

Construing Plaintiff's pleading liberally, the only allegation against Defendant Cope is the denial of medical care in violation of the Fourteenth Amendment.[36]  A Fourteenth Amendment claim for denial of medical care is analyzed under the same standards as denial of medical care under the Eighth Amendment.[37]  Prison officials violate a prisoner's right to medical care "when they act deliberately and indifferently to serious medical needs of prisoners in their custody."[38]  "Deliberate indifference has both an objective and subjective component."[39]  To meet the objective component, "[t]he medical need must be sufficiently serious."[40]  A medical need is sufficiently serious "if the condition 'has been diagnosed by a physician as mandating treatment or is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'"[41]  "Where the necessity for treatment would not be obvious to a lay person, the medical judgment of the physician, even if grossly negligent, is not subject to second-guessing . . . ."[42]  To satisfy the subjective component, the prison official must have a sufficiently

---

[35] *Id.* at 1159 (citing *Pearson v. Callahan*, 555 U.S. 223, 236–43(2009)).

[36] As a pretrial detainee, Plaintiff's claims would arise under the Fourteenth Amendment rather than the Eighth. *Bell v. Wolfish*, 441 U.S. 520, 535, n.16 (1979).

[37] *Sandifer v. Green*, 126 F. App'x 908, 910 (10th Cir. 2005) (citing *Estate of Hocker ex rel. Hocker v. Walsh*, 22 F.3d 995, 998 (10th Cir. 1994)); *Lopez v. LeMaster*, 172 F.3d 756, 759 n.2 (10th Cir. 1999) ("[W]e apply an analysis identical to that applied in Eighth Amendment cases.").

[38] *Goss v. Bd. of Cty. Comm'rs of Creek Cty.*, 645 F. App'x 785, 793 (10th Cir. 2016); *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999).

[39] *Id.*

[40] *Id.*

[41] *Al–Turki v. Robinson*, 762 F.3d 1188, 1192–93 (10th Cir. 2014) (quoting *Oxendine v. Kaplan*, 241 F.3d 1272, 1276 (10th Cir. 2001)).

[42] *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir.2005) (citing *Green v. Branson*, 108 F.3d 1296, 1303 (10th Cir.1997)).

culpable state of mind.[43]  That is, the plaintiff must show that the defendant knew that the

plaintiff "faced a substantial risk of harm and disregarded that risk, 'by failing to take reasonable

measures to abate it.'"[44]  The substantial-harm requirement "may be satisfied by lifelong

handicap, permanent loss, or considerable pain."[45]

Defendants argue that Defendant Cope did not cause a deprivation of Plaintiff's clearly

established constitutional right to medical care for three reasons.  First, there is no evidence to

suggest Sheriff Cope participated in the alleged deprivation.  Second, Plaintiff cannot satisfy the

objective prong of the claim for denial of medical care because she cannot show she suffered a

serious medical condition.  Third, Plaintiff cannot satisfy the subjective prong of the claim for

denial of medical care because the evidence confirms that Defendant Cope took no actions with a

culpable state of mind.

The Court finds that Plaintiff has not presented evidence that a constitutional violation

occurred—namely, that Plaintiff was denied medical care in violation of the Fourteenth

Amendment.  First, there has been no evidence produced that any alleged injury was an

objectively, sufficiently serious injury to be cognizable under the Fourteenth Amendment.  In

determining whether a medical need or harm is sufficiently serious under the objective

component, courts consider both the symptoms initially presented to the prison employee as well

as any resulting harm.[46]  While a broken back is a sufficiently serious medical condition, there is

no evidence that Plaintiff suffered such an ailment.  In fact, the evidence specifically contradicts

that Plaintiff suffered a broken back.  It is alleged that Plaintiff broke her back when she was

---

[43] *Duran v. Donaldson*, No. 15-2160, 2016 WL 6087651, at * 3 (10th Cir. Oct. 18, 2016) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)).

[44] *Hunt,* 199 F.3d at 1224 (quoting *Farmer*, 511 U.S. at 847).

[45] *Garrett v. Stratman,* 254 F.3d 946, 950 (10th Cir. 2001).

[46] *Mata*, 427 F.3d at 753.

arrested.  However, upon entering the Lyon County Detention Center immediately following arrest, Plaintiff caused such disruption, including physical conduct like beating on her cell door and standing on her bed, that she could not be processed for almost twelve hours.  Plaintiff posed such a risk to herself and others that she had to be restrained in a chair.  No reasonable juror could conclude that if Plaintiff suffered from a broken back, that she would be able to cause such a disruption in a physical manner.

When she was processed, the evidence shows—both by her own admission and by observation from the booking officer—that she was not suffering any trauma or injury.  The Inmate Medical History and Inmate Medical Assessment forms do not reflect any injury. Plaintiff admitted that she did not suffer a traumatic injury.  A broken back is a sufficiently serious injury that a reasonable jury could only conclude that an officer would note or Plaintiff would have told the officer during the booking process that Plaintiff had a broken back.

Further, there has been no evidence produced of "lifelong handicap, permanent loss, or considerable pain."[47]  Beyond Plaintiff's allegations in her Complaint, Plaintiff has produced no evidence she suffered from a broken back or that there has been any resulting harm.  Defendant Cope has presented objective evidence that negates Plaintiff's bare and conclusory allegation of injury.  In sum, no reasonable juror could conclude from the evidence that Plaintiff suffered from injuries "sufficiently serious" to violate the Fourteenth Amendment.

Second, Plaintiff has not satisfied the subjective component of deliberate indifference to medical needs because there has been no evidence produced that Defendant Cope acted with a culpable state of mind.  The plaintiff must allege that the prison official "kn[e]w[ ] of and

---

[47] *Garrett,* 254 F.3d at 950.

disregard[ed] an excessive risk to inmate health or safety."[48]  In other words, the defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."[49]  "Allegations of 'inadvertent failure to provide adequate medical care' or of a 'negligent . . . diagnos[is]' simply fail to establish the requisite culpable state of mind."[50]

Applying those standards in this case, there is no evidence Defendant Cope or any officer under his supervision knew or should have known Plaintiff allegedly broke her back.  On the face of the Complaint, Plaintiff alleges that Defendant Cope refused her treatment despite her numerous requests.[51]  However, beyond Plaintiff's allegation in the Complaint, there is no evidence that Plaintiff reported her condition to Defendant Cope or any other officer.  In fact, the communication for which there is evidentiary support—the two forms completed during the booking process— negates that she reported her injury or asked for medical care.  There is no evidentiary support that Plaintiff communicated with Defendant Cope at all during her detention, and it is insufficient for her to merely state she did in the Complaint.  There is no evidence that Defendant Cope appreciated but ignored a substantial risk of serious harm.

In sum, Plaintiff has failed to present evidence as to the subjective or objective prong of deliberate indifference to medical needs that constitute a violation under the Fourteenth Amendment.  Because Plaintiff has not established a constitutional violation, she has failed to meet her burden.  Therefore, Defendant Cope is properly granted qualified immunity.

---

[48] *White v. Kan. Dep't of Corrs.*, No. 16-3098, 2016 WL 6694538, at *5 (10th Cir. Nov. 15, 2016) (citing *Farmer*, 511 U.S. at 837).

[49] *Id.*

[50] *Wilson v. Seiter*, 501 U.S. 294, 297 (1991) (citations omitted).

[51] Doc. 1 at 3.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Sheriff Jeffrey Cope and the Lyon County Sheriff's Department's Motion for Summary Judgment (Doc. 26) is **granted**.

**IT IS SO ORDERED.**

Dated: December 21, 2016

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE